IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DALE J. KEEL,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE ON ADMINISTRATIVE APPEAL<br><br><br><br>Case No. 2:06-CV-950-TS |

This matter comes before the court on Plaintiff's Motion to Reverse or Modify Administrative Decision denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. For the reasons discussed below, the Court will remand this case to the Administrative Law Judge ("ALJ").

I.  PROCEDURAL BACKGROUND

Plaintiff filed his application for SSI benefits on July 25, 2001, alleging disability due to low back injury, depression, and anxiety. The claim was denied initially and upon reconsideration. A request for hearing was timely filed. A hearing was held on December 15, 2003, where Plaintiff appeared and testified. Additionally, a vocational expert ("VE") appeared and testified. The ALJ issued an adverse decision on March 11, 2004. Plaintiff timely made a

1

request for review with the Appeals Council. The Appeals Council denied the request for review, accepting the ALJ's decision as the final decision of the Commissioner of Social Security ("the Commissioner"). Plaintiff filed a Complaint with this Court on November 13, 2006. The Court heard oral argument on this matter on September 6, 2007, and took the matter under advisement. The Court now issues the following ruling.

## II.  STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to determining whether her findings are supported by substantial evidence and whether the correct legal standards were applied.[1] If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[2]

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] Also, "[s]ubstantial evidence requires 'more than a scintilla, but less than a preponderance.'"[4] The ALJ is required to consider all of the evidence, although he or she is not required to discuss all of the evidence.[5]

The Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Richardson v. Perales*, 402 U.S. 389, 402 (1981).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

[4] *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988) (citation omitted); *see also White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001).

[5] *Clifton*, 79 F.3d at 1009.

[6] *Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

re-weigh the evidence or substitute its judgment for that of the ALJ's.[7]

### III.  DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining disability.[8]  The five steps are: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals the criteria for an impairment listed in Appendix 1 of 20 C.F.R. Subpt. P; (4) whether the impairment prevents the claimant from performing his past relevant work; and (5) whether the impairment prevents the claimant from performing other work.  The burden is on the Plaintiff to meet the first four steps.  However, if Plaintiff does meet all four, the burden shifts to the Commissioner to establish that there are other jobs existing in a significant number in the national economy which Plaintiff is capable of performing.

In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date he alleged he became disabled and that he suffers from severe impairments.  The ALJ found, at step three, that Plaintiff's conditions do not meet or equal a listed impairment.  The ALJ also found that Plaintiff could not return to any of his past relevant work.  Finally, the ALJ found that Plaintiff was not disabled because he could return to work at other jobs.  The ALJ's findings at steps one, two, and four are not in dispute here.

In his appeal, Plaintiff contends that: (A) the ALJ improperly disregarded or underweighted evidence from treating and other sources, and subsequently and improperly found that Plaintiff did not meet the relevant listings; (B) the ALJ erred in his evaluation of Plaintiff's

---

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[8] *See* 20 C.F.R. § 404.1520(a)-(f).

3

credibility; and (C) the VE's testimony conflicted with the Dictionary of Occupation Titles ("DOT") and the ALJ failed to inquire as to, or resolve, the conflict.

The Court has reviewed the facts and arguments of counsel as set forth by the parties in their briefs and at oral argument, as well as the entire certified record, and makes its ruling as discussed below.

*A. Weight Given to Opinions of Treating Physicians and Others*

Under the third step of the process for determining disability, the ALJ must determine whether the claimant's impairment meets or equals a listed impairment. In doing so, the ALJ may evaluate various opinions, as discussed below.

1. Treating Physicians and Psychologists

    i. Dr. White

Plaintiff argues that the ALJ wrongfully disregarded the opinion of Dr. White, one of Plaintiff's treating physicians. Plaintiff cites items from the record whereby Dr. White opined that Plaintiff was disabled and unable to work.

The ALJ gave Dr. White's opinion that the claimant was disabled "diminished weight," and found that it was not supported by other medical evidence in the record, including Dr. White's own findings. The ALJ noted that Dr. White completed a functional capacity assessment form for Plaintiff on August 16, 2001, which revealed a capacity clearly inconsistent with disability. The Commissioner points out that Dr. White's progress notes indicate at several different times that Plaintiff's pain improved with treatment, at times significantly, and that Plaintiff was doing well.

The Tenth Circuit has outlined the factors to be considered by the ALJ in determining what weight to give the opinion of the Plaintiff's treating physician:

> The ALJ must give "controlling weight" to the treating physician's opinion, provided that opinion is "well-supported . . . and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). We have said that a treating physician's opinion is not dispositive on the ultimate issue of disability. *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). In addition to its consistency with other evidence, we examine a treating physician's opinion with several factors in mind: the length of the treatment relationship, the frequency of the examination, and the extent to which the opinion is supported by objective medical evidence. 20 C.F.R. § 404.1527(d)(2).[9]

Therefore, the ALJ is not bound to the treating physician's opinion on the Plaintiff's alleged disability if it is inconsistent with other substantial evidence in the record.

The Court finds that the ALJ's weighting of Dr. White's opinion was appropriate, and is satisfied that the explanations set forth by the ALJ and the Commissioner are supported by substantial evidence in the record.

In connection with Plaintiff's arguments relating to Dr. White, the Court notes Plaintiff's argument that the ALJ did not mention an MRI taken of Plaintiff's back. However, as discussed above, the ALJ is not required to discuss all evidence.

Also, the Court notes and rejects Plaintiff's argument that the ALJ substituted his opinion for that of Dr. White. Plaintiff cites authority setting forth the impropriety of an ALJ's actions in rejecting a treating physician's opinion based solely on the ALJ's credibility judgments, speculation, or lay opinion.[10] The ALJ here did not reject Dr. White's opinion. Moreover, Plaintiff fails to establish the link between the ALJ's weighting of Dr. White's opinion and the ALJ's credibility judgments, speculation, or lay opinion.

    ii. Drs. Smith and Worthen

---

[9] *White v. Barnhart*, 287 F.3d 903, 907 (10th Cir. 2002)

[10] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002).

Plaintiff also argues that the ALJ ignored the opinions of two of Plaintiff's treating psychologists, Dr. Smith and Dr. Worthen.  Plaintiff points to an August 2001 letter wherein Dr. Smith indicates that it would be difficult for Plaintiff to find and maintain employment, and an initial psychological assessment of Plaintiff which diagnosed him with major depression, social anxiety disorder, and avoidant personality disorder.  Plaintiff argues that the ALJ failed to give Dr. Smith's opinion controlling weight, or to state what lesser weight, if any, he assigned it.

The Commissioner fails to make any rebuttal argument as to Plaintiff's arguments regarding Dr. Smith.  At oral argument, Defendant's counsel conceded that the ALJ had failed to discuss Dr. Smith's opinion.

An ALJ must articulate the weight, if any, he gives to a treating physician's opinion, and explain why that weight is assigned.[11]  After reviewing the ALJ's opinion, the Court is convinced that the ALJ failed to do so here.  Accordingly, the Court will remand to allow the ALJ to articulate the weight assigned to Dr. Smith's opinion, and reasons for assigning such weight.

Plaintiff also argues that the ALJ improperly failed to give controlling weight to Dr. Worthen's opinion that Plaintiff met listings 12.04 for an affective disorder, 12.06 for an anxiety disorder, or 12.08 for a personality disorder.

The ALJ found that Dr. Worthen's opinion was not consistent with the other evidence of record.  The Commissioner emphasizes notes in the record from Dr. Worthen which indicate his uncertainty as to Plaintiff's alleged mental illness and his observation of normal mental status.[12] The Commissioner also points out from Dr. Worthen's notes that Plaintiff himself denied having

---

[11]*Robinson v. Barnhart*, 366 F.3d 1078, 1082-83 (10th Cir. 2004) (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003)).

[12]R. at 539, 542, 552, 693.

depression.[13]  From the evidence in the record, the Court does not find that the ALJ erred in his weighting of Dr. Worthen's opinion, and that it is supported by substantial evidence.

### 2.  Others

Plaintiff argues that the ALJ improperly weighed the opinion of other medical sources, including those of Ms. Douthit and Mr. Wheeler, social workers who worked with Plaintiff.

The ALJ gave Ms. Douthit's opinion diminished weight, finding that her conclusion that Plaintiff was not employable, and that he had severe limitations, was inconsistent with other evidence in the record and her own clinical notes.  The ALJ also noted that Plaintiff met with Mr. Wheeler only once.  As to both Ms. Douthit and Mr. Wheeler, the ALJ noted that, as social workers, they were not acceptable medical sources.

Both parties acknowledge that Social Security Ruling ("SSR") 06-3p, issued after the ALJ's opinion in this action, has clarified agency policy on how evidence from non-acceptable medical sources is to be considered.  SSR 06-3p indicates that non-medical sources can play an important role in assessing disability.  The Commissioner argues that the ALJ's opinion complies with the guidance in SSR 06-3p.

The Court agrees with the Commissioner.  The ALJ did not dismiss these opinions upon the sole basis that they were not acceptable medical sources, but rather, made this argument as an alternative justification after treating the opinions as those of any other treating physician. Moreover, the ALJ gave adequate support for the weighting determination.

In short, except for the opinion of Dr. Smith, the Court finds that the ALJ did not err in weighing the opinions of treating physicians and others, and that the ALJ's determinations were

---

[13]*Id.* at 689.

supported by substantial evidence. The Court will remand to give the ALJ the opportunity address the proper weight assigned to the opinion of Dr. Smith.

    *B. Credibility Determination*

The ALJ found that Plaintiff's testimony was not sufficiently credible to overcome the other medical evidence in the record relating to a determination of disability.

Plaintiff argues that, in making this credibility determination, the ALJ improperly focused on subjective comments in the record that Plaintiff was not motivated to work. Plaintiff also argues that the ALJ should have considered the Worn-Out Worker Rule of 20 C.F.R. § 404.1562. Finally, Plaintiff argues that the ALJ improperly used his credibility determination as a basis for discounting objective medical evidence.

The Commissioner contends that the ALJ properly viewed and used Plaintiff's credibility in context with the objective medical evidence, and that the Worn-Out Worker Rule does not apply.

The Court agrees with the Commissioner and finds no fault in the ALJ's use of Plaintiff's testimony. The Court notes that the Worn-Out Worker Rule does not apply here because Plaintiff does not meet the Rule's thirty-five year requirement for work in arduous unskilled physical labor. In short, it appears to the Court that the ALJ's credibility determination was based on "more than a scintilla" of evidence.

    *C. VE's Testimony Conflict with DOT*

Under *Haddock v. Apfel*[14] and Social Security Ruling 00-4p, the ALJ must inquire as to, as well as explain, any discrepancies between the VE's testimony and the DOT at step five.

---

[14] 196 F.3d 1084, 1087 (10th Cir. 1999).

Plaintiff here argues that he could not perform the mental functions required by the jobs cited by the VE, thereby creating a conflict between the VE's testimony and the DOT. More specifically, Plaintiff argues that the VE's testimony in response to the ALJ's hypothetical—that Plaintiff could perform several jobs—is inconsistent with the DOT based on the ALJ's description of Plaintiff's mental limitations and the reasoning levels of the identified positions as per the General Educational Development ("GED") reasoning requirements of the DOT.

Plaintiff emphasizes that the ALJ's hypothetical required finding jobs for a person whose "[m]emory level would have to be low with the ability to understand, remember, and carry out simple one or two step instructions."[15] Plaintiff implies that such limitations are most consistent with GED Level 1, whereas the VE identified jobs having GED Levels of 2 or 3.

The Commissioner argues that the ALJ properly concluded from the VE's testimony that Plaintiff has the capacity to perform the work of the specified unskilled jobs. The Commissioner implies that no technical conflict between the VE's testimony and the DOT exists. Rather, the Commissioner argues that, to the extent the GED requirements conflict with the Specific Vocational Levels ("SPV") typically used in disability cases—i.e., the GED reasoning requirements exceed the SPV unskilled work level requirements—the regulatory definitions of the skill levels, as opposed to those set forth by the GED, are controlling. The Commissioner cites SSR 00-4p in support.

The Court is unconvinced that the SPV skill level requirements supersede the GED reasoning requirements here in the manner suggested by the Commissioner. Rather, it appears to the Court that if the ALJ incorporated reasoning limitations into Plaintiff's RFC, as he did here,

---

[15]R. at 850.

to adequately find unskilled jobs to answer the ALJ's hypothetical at Step Five, such jobs must have been consistent with Plaintiff's RFC in light of the GED requirements as found in the DOT. To the extent that the jobs identified were not consistent in this manner, there exists a conflict between the VE's testimony and the DOT, and the ALJ was required to inquire into and resolve the same.

The Court notes that the ALJ's express description of Plaintiff's RFC appears to be most consistent with a GED requirement of 1, which requires a person to "[a]pply commonsense understanding to carry out simple one- or two-step instructions." The jobs identified by the VE incorporate GED reasoning levels of 2 or 3. Accordingly, to the extent that the VE testified that Plaintiff was capable of performing these jobs, a conflict existed between the VE's testimony and the DOT. The Court will remand to allow the ALJ to inquire into and resolve the discrepancy.

## IV. CONCLUSION

Having evaluated the record as a whole, the Court finds that the ALJ's findings are supported by substantial evidence, with the exception that the ALJ must assign a weight to Dr. Smith's opinion, as well as explain the reasoning behind assigning such weight. Furthermore, the ALJ must inquire into, and resolve the discrepancy existing between the VE's testimony and the DOT with respect to Plaintiff's RFC, the GED reasoning limitations, and the identified jobs. In order to resolve these issues, it is therefore

ORDERED that this action be REMANDED to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein. The Clerk of Court shall enter judgment remanding this case and shall close this case forthwith.

Dated September 7, 2007.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge